**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ALLEN ANDERSON**                                                          **PLAINTIFF**

**V.**                                          **4:09CV00489 JMM**

**DEPARTMENT OF VETERANS AFFAIRS,**
**ERIC K. SHINSEKI, Secretary; LAVONE**
**DENISE EVANS; RONALD V. ESTES;**
**PATRICIA BRYANT; DOE DEFENDANT**                              **DEFENDANTS**

<u>ORDER</u>

Pending is the Motion to Dismiss or, in the alternative, Motion for Summary Judgment

filed by the Defendants.  Plaintiff has responded.  Both parties have filed supplemental

pleadings.        Pursuant to Rule 12(d), Defendants' motion will be deemed a motion for

summary judgment.  Both parties have been given ample time to present evidence which is

pertinent to the motion.  In fact, both parties have presented evidence outside the pleadings to

support their positions.  The Court has reviewed all of the evidence in the record.  For the

reasons set forth below, the Motion is GRANTED.

I.      <u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

II.    <u>Facts</u>

Plaintiff is an employee of the Central Arkansas Veterans Healthcare System ("CAVHS").  From 2006 to 2008, Plaintiff was employed in the Environmental Management Service ("EMS") division of the CAVHS at the North Little Rock campus.  Plaintiff was a housekeeping aid.  In June 2007, Plaintiff applied for a position in the Nutrition and Food Service ("NFS") division of the CAVHS, but he did not get the position.  On July 20, 2007, Plaintiff filed a complaint with the Office of Resolution Management ("ORM") claiming

discrimination on the basis of his sex, male, and his age, 44.  Plaintiff filed this claim against

Patricia Bryant, Chief of the NFS division, claiming that Ms. Bryant refused to hire him for the

NFS position based upon his sex and his age in violation of Title VII.  Plaintiff received his

Notice of Right to Sue from the ORM on September 26, 2007.  (Ex. P-8 at p.6).

On September 24, 2007, Plaintiff's girlfriend gave birth to his child.[1]  Plaintiff claims he

had previously filled out a request for leave under the Family Medical Leave Act, but because

the baby was born prematurely his request did not coincide with his absence.  Plaintiff was

absent from work on September 24 and 25, 2007 because of the birth of his child.  Initially,

Plaintiff was charged as being absent from work without leave, or AWOL, for these two days.

Ultimately, however, Plaintiff's status was changed from AWOL to annual leave status for

September 24th and leave without pay status on September 25th.  A charge for failure to timely

request leave on September 25th remained on Plaintiff's record.

On October 9, 2007, Plaintiff filed a formal complaint with the EEOC.  On October 13

and 14, 2007, Plaintiff was charged two days AWOL.  Again, his status was eventually changed

to leave without pay for his days off.  On October 21, 2007, a pair of socks with the words

"trouble maker" stitched on them were left on Plaintiff's car while parked in the CAVHS parking

lot.  Plaintiff testified that he does not know who left the socks on his car.  He called the police

and filed a report regarding the incident.  Ms. Lavonda Evans, Chief of EMS, was notified of this

incident by Plaintiff's immediate supervisor, Ron Estes.  At the same time, Mr. Estes informed

---

[1]  The Court is aware that on July 27, 2007, Plaintiff's car windows were broken out
while his car was parked at his home.  Plaintiff concedes that he did not exhaust his
administrative remedies as to this event and that he has no direct evidence that the incident
related to his employment with the Defendant.

Ms. Evans about Plaintiff's complaint of discrimination against the NFS Chief.

On November 16, 2007, Plaintiff and his co-worker, Reuben Clingmon, were assigned to clean three dining rooms when the lunch meal was over.  Plaintiff claims that when Mr. Estes walked into the day room Plaintiff and Clingmon were seated waiting for the patients to finish their meals.  Estes reported that the two men were seated watching television when he entered the room.  (Def.'s Ex. 1).  Plaintiff and Clingmon were cited by Ron Estes for "willful idleness."

On December 8 and 9, 2007, Plaintiff was absent from work because of the death of his estranged wife.  Plaintiff claims he called in every day to report that he would not be at work because of her death.  Ms. Evans, however, testified that Plaintiff did not call or request leave for those days.  Plaintiff was charged with being AWOL on December 8 and 9, 2007.  Plaintiff was given a Request for Information form on December 14, 2007 with regard to his AWOL status.

On December 28, 2007, Plaintiff filed a complaint of retaliation against Evans.  Plaintiff claimed that Evans retaliated against him because of his previous charge of discrimination against Patricia Bryant.

On January 29, 2008, Plaintiff was given a proposed suspension letter stating that Plaintiff would be suspended based upon his citations for failure to timely request leave, willful idleness, and his AWOL status on December 8 and 9, 2007.  On February 29, 2008, Plaintiff was notified that his suspension would be for two days beginning March 10, 2008.  Plaintiff was suspended on March 10 and 11, 2008.

Plaintiff began work in the NFS division as an Assistant Cook in 2008 and is still employed in that position.  He filed suit in this Court against the Defendants on July 10, 2009.

In his Second Amended Complaint filed October 30, 2009, Plaintiff contends that the Defendants discriminated against him in violation of Title VII from July 29, 2007 to September 23, 2009. Plaintiff contends that he was retaliated against because he filed a formal charge of discrimination on October 9, 2007 against Patricia Bryant.  Although Plaintiff only refers to his October 9th charge of discrimination in his Second Amended Complaint, Plaintiff has attached a December 22, 2007 charge of discrimination which states that his claims regarding time, attendance, and alleged harassment are based upon reprisal for previous EEO activity.

III.    Discussion of the Law

Individual Defendants

In the motion, the individual defendants ask the Court to dismiss Plaintiff's suit because individual employees are not personally liable under Title VII in the Eighth Circuit.  The Court agrees.  The Eighth Circuit Court of Appeals has consistently held that "supervisors may not be held individually liable under Title VII."  *Clegg v. Ark. Dep't of Corrs.*, 496 F.3d 922, 931 (8th Cir. 2007)(quoting *Schoffstall v. Henderson*, 223 F.3d 818, 821 n. 2 (8th Cir. 2000)).  Therefore, Plaintiff's claims against Defendants Evans, Estes, and Bryant must be dismissed.

Claims against the VA

Plaintiff claims that he was a victim of retaliation by the Defendant.  In order to establish a prima facie case of retaliation, Plaintiff must prove 1) he engaged in protected conduct; 2) a reasonable employee would have found his employer's retaliatory action materially adverse; and 3) the materially adverse action was causally linked to his protected conduct.  *Devin v. Schwan's Home Service, Inc.,* 491 F.3d 778, 785 (8th Cir. 2007).

Plaintiff engaged in protected activity by filing charges of discrimination, therefore, the

5

first element is not an issue.  *See Sutherland v. Missouri Dept. of Corrections,* 580 F.3d 748, 752 (8th Cir. 2009)(filing of charge of discrimination is protected activity).

In order to prove the second element of his prima facie case, Plaintiff must prove that a reasonable person would perceive as retaliatory the actions he finds offensive.  *Id.* (citing *Higgins v. Gonzales*, 481 F.3d 578, 589 (8th Cir. 2007)).  "The Supreme Court has stated that an employee is not protected 'from all retaliation, but from retaliation that produces an injury or harm.'" *Id.* (citing *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).  In *Burlington Northern and Santa Fe Ry. Co. v. White*, the Supreme Court stated that a plaintiff must show that a reasonable employee would have found the challenged retaliatory action "materially adverse."  A materially adverse action is one that would "dissuade a reasonable worker from making or supporting a claim of discrimination."  *Burlington Northern,* 548 U.S. 53, 67 (2006).  The employer's actions when viewed in combination must be "extreme, systemic retaliatory conduct resulting in serious employment consequences. . . ." *Devin v. Schwan's Home Serv., Inc.,* 491 F.3d 778, 786 (8th Cir. 2007).  The Eighth Circuit has cautioned that "[t]he anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the work-place." *Griffith v. City of Des Moines*, 387 F.3d 733, 738 (8th Cir. 2004), quoting *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc), *cert. denied*, 528 U.S. 818, 120 S.Ct. 59, 145 L.Ed.2d 51 (1999).

Plaintiff contends that the charges of AWOL status on September 25-26, 2007 and October 13-14, 2007 were materially adverse employment actions taken by the Defendant.  However, as stated above, Plaintiff's status was changed in both instances to annual leave and leave without pay.  Therefore, they are not considered adverse employment actions.  *See Jackson*

*v. United Parcel Serv.,* 548 F.3d 1137, 1141 (8th Cir. 2008).  Plaintiff also contends that his

AWOL status on December 8 and 9, 2007 was a materially adverse employment action.

However in *Clegg v. Arkansas Dept. of Corr.,* the Eighth Circuit found that negative reports and

reprimands which are unfairly added to a plaintiff's personnel file do not amount to an adverse

employment.  *Clegg,* 496 F.3d at 922.

      Plaintiff admits that he does not know who placed the "trouble maker" sock on his car.

Assuming this incident was related to Plaintiff's protected conduct, it is certainly categorized as

a "petty slight or minor annoyance" which the Eighth Circuit has held cannot be the basis of a

Title VII cause of action.  *Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611, 619 (8th Cir.

2007).  Plaintiff acknowledges that he was sitting in the day room when his supervisor, Mr.

Estes, entered the room and disciplined him for willful idleness.  (Pl.'s Dep. at p. 15-17).  Again,

the Eighth Circuit has found that even unfair reprimands are not materially adverse employment

actions.  *Clegg*, 496 F.3d at 929.

      The only action by the Defendant that may amount to a materially adverse employment

action is Plaintiff's two-day suspension on March 10 and 11, 2008.  The suspension was based

upon failure to timely request leave on September 25, 2007, willful idleness on November 16,

2007, and unauthorized absence and failure to properly request leave on December 8 and 9,

2007.  (Def.'s Ex. 1).  The Court  finds that this two-day suspension does not satisfy the

"materially adverse" standard imposed by the Supreme Court in *Burlington Northern*.  A jury

could not find that the suspension  would dissuade a reasonable employee from participating in

protected conduct. Further, the Court does not find that Plaintiff's allegations of adverse

employment action when viewed individually, or even as a whole, satisfy the "materially

adverse" standard.

Moreover, assuming that the suspension was a materially adverse employment action, Plaintiff must show that his suspension was caused by his October 9 and December 22, 2007 discrimination charges.  The March 2008 suspension is not sufficiently close in time to either charge of discrimination to constitute evidence of causation.  *See Kipp v. Missouri Highway and Transp. Comm'n*, 280 F.3d 893, 897 (8ᵗʰ Cir. 2002)("[T]he interval of two months between the complaint and [plaintiff's] termination so dilutes any inference of causation that we are constrained to hold as a matter of law that the temporal connection could not justify a finding in [plaintiff's] favor on the matter of causal link.").

Without temporal proximity establishing a causal connection, Plaintiff must show that his charges of discrimination were the motivating factor in the Defendant's decision to suspend him. As evidence, Plaintiff has proven that Ms. Evans was aware of his discrimination claims in March 2008 when she suspended him.  Assuming that is sufficient evidence of causation, Plaintiff has set forth a prima facie case of retaliation and the burden shifts to the Defendant.

As in all cases employing the *McDonnell Douglas* burden shifting framework:

> If the plaintiff makes a prima facie showing, then "a presumption of retaliation arises, and the burden of production shifts to the employer to advance a legitimate reason for the employment action." *Recio v. Creighton Univ*., 521 F.3d 934, 939 (8th Cir. 2008). If the employer proffers a legitimate reason, then the burden shifts back to the plaintiff to demonstrate that the proffered reason is mere pretext for illegal retaliation. *Shanklin v. Fitzgerald*, 397 F.3d 596, 603-04 (8th Cir.2005). The ultimate burden of persuasion remains with the employee to show that the adverse employment action was motivated by intentional retaliation. *Recio*, 521 F.3d at 939.

*Tyler v. University of AR Bd. of Trustees,* 2010 WL 143704, 4 (E.D. Ark. 2010).

The Defendant contends that Plaintiff was suspended for legitimate reasons, i.e. failing to timely request leave, willful idleness, unauthorized absence and failure to properly request leave.

This non-discriminatory reason shifts the burden back to Plaintiff to demonstrated that these three charges were merely a pretext for retaliation.

However, Plaintiff's failure to timely request leave occurred on September 25, 2007, one month before Ms. Evans was aware of Plaintiff's complaint of discrimination against Patricia Bryant.[2]  Disciplinary action taken by the Defendant prior to knowledge of Plaintiff's charges undercut any inference of retaliatory intent.  *See Hervey v. County of Koochiching*, 527 F.3d 711, 723 (8th Cir. 2008).

Further, Plaintiff admits that he and a co-worker were sitting down waiting for their next assignment when Ron Estes wrote them up for willful idleness.  Although Plaintiff contends that Mr. Estes's action was unfair, his "evidence must do more than raise doubts about the wisdom and fairness of the supervisor's opinions and actions.  It must create a real issue as to the genuineness of the supervisor's perceptions and beliefs."  *Id.* at 724.  To the contrary, Plaintiff's admission supports Estes's perception.  Plaintiff also argues that the fact that Clingmon, the co-worker involved in the willful idleness charge, merely received a letter of reprimand while Plaintiff was ultimately suspended is evidence of pretext.  However, Plaintiff's suspension was based upon three disciplinary infractions.  There is no evidence that Mr. Clingmon was subject to any charge other than the willful idleness charge.

Finally, Plaintiff contends that the Defendant was aware that he called in and requested leave on December 8 and 9, 2007, and he was falsely charged with failure to properly request leave and unauthorized absence in retaliation for his charge of discrimination.  However,

---

[2]  Although the charge was changed, Plaintiff was also charged with AWOL status on October 13, 2007 before Ms. Evans was aware of Plaintiff's claim.

Plaintiff has failed to provide any evidence to support this claim.  Ms. Evans testified that

Plaintiff did not call or report to work on these days.  (Def.'s Ex. 4 at p. 25).  The Court does not

find this dispute of fact to be material under the circumstances of this case.  Moreover, the

connection between Plaintiff's October charge of discrimination against an entirely different

division of the VA and the alleged falsification of attendance charges by Ms. Evans is too

tenuous to support a reasonable inference of pretext and retaliatory motive.  The Court notes that

each of the charges underlying Plaintiff's suspension occurred prior to Plaintiff's filing of the

December 22, 2007 charge of discrimination against Ms. Evans.

      In his Second Amended Complaint, Plaintiff makes a reference to a September 2009

Proposed Suspension.  However, this claim was not included in any of the charges of

discrimination submitted by Plaintiff and, therefore, Plaintiff has failed to exhaust his

administrative remedies as to this claim.

      IV.    <u>Conclusion</u>

      In conclusion, Defendants' Motion to Dismiss which has been converted to a Motion for

Summary Judgment (Docket # 30) is GRANTED.  The Clerk is directed to close the case.

      IT IS SO ORDERED this 16th day of February, 2010.


                        James M. Moody
                        United States District Judge